**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KIMBERLEY E. O'BRIEN, )
)
Plaintiff, )
) Case No.
vs. )
)
KEVIN ANDERSON, )
)

**NOTICE OF REMOVAL**

NOW COMES Defendant, KEVIN ANDERSON ("Anderson"), an individual, by and through his attorneys, Charles H. Cole, Richard J. Juarez, and Margaret M. Fitzsimmons of Schuyler, Roche & Crisham, P.C., pursuant to 28 U.S.C. §§1441 and 1446, and hereby removes to the United States District Court, Northern District of Illinois, Eastern Division, the above-captioned action, pending as 2012L000175 in the Circuit Court of Cook County, Illinois. As grounds for removal, Anderson states as follows:

## I. INTRODUCTION

1. On or about January 5, 2012 Plaintiff, Kimberley O'Brien ("O'Brien"), filed an action against Anderson by filing a Complaint at Law in the Circuit Court of Cook County, Illinois, Case No. 2012L000175 (the "State Court Action"). O'Brien issued a summons on January 20, 2012, and sent counsel for Anderson correspondence requesting that counsel inform Plaintiff on or before February 22, 2012 if counsel would accept service on Anderson's behalf. (Copies of the Summons, Correspondence and Complaint at Law from the State Court Action are attached as Exhibit 1).

2. Previously, O'Brien filed an action against Anderson in the Circuit Court of Cook County, Illinois, Case No. 2006L003354 ("Previous State Court Action"). A copy of the final complaint in that matter, the Fourth Amended Complaint is hereto attached as Ex. 2. On December 5, 2012, Plaintiff voluntarily dismissed the case. (The Voluntary Dismissal Order is attached as Exhibit 3).

3. On January 25, 2012 counsel for Anderson received via U.S. Mail a copy of the Complaint filed by O'Brien in the State Court Action.

## II. JURISDICTIONAL BASIS IN DIVERSITY

4. Pursuant to this Notice of Removal, Anderson is removing the State Court Action in accordance with 28 U.S.C. § 1441, on the grounds that the State Court Action is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. At all relevant times hereto, O'Brien pleads that she was a citizen and resident of the State of Illinois with her principal place of residence at 900 North Lake Shore Drive in Chicago, Illinois (Ex. 1 ¶1). Therefore, O'Brien is a citizen of the State of Illinois for purposes of 28 USC §1332(a). No other party in this matter is a citizen of Illinois.

6. At all relevant times hereto, Anderson was a citizen and resident of the State of Wisconsin with a principal residence located in Hudson, Wisconsin. (Ex. 1, ¶ 2). Therefore, Anderson is a citizen of the State of Wisconsin for purposes of 28 USC §1332(a). No other party in this matter is a citizen of Wisconsin.

7. In addition, O'Brien seeks a money judgment in excess of the $75,000 amount in controversy requirement. O'Brien's Complaint at Law does not specifically outline the amount of monetary damages she seeks (Exhibit 1); however, she demonstrates that she is seeking more than $75,000 in numerous other ways.

8. When the complaint at issue lacks a prayer for relief sufficient to establish the amount in controversy, a removing defendant must establish the size of the claim in some other way. *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 815 (7th Cir.2006). The defendant need not show that the plaintiff will prevail or collect more than $75,000.00 if she does prevail, but it must demonstrate that she hopes to get more than $75,000.00. *Id.* at 816. The Seventh Circuit has suggested several possible methods of doing so, including interrogatories and admissions in state court, by calculation from the complaint's allegations, by reference to the plaintiff's informal estimates or settlement demands, or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir.2006).

9. Although O'Brien's Complaint at Law does not specifically indicate the amount of monetary damages she seeks and does not include the required affidavit relating to damages pursuant to Illinois Supreme Court Rule 222(b) (attached hereto as Ex. 4), it is clear that the Complaint at Law seeks compensatory damages in excess of $50,000, punitive damages, costs, and attorney fees. O'Brien's Complaint at Law has five counts, including Intentional Infliction of Emotional Distress (Count I), False Imprisonment (Count II), Assault and Battery (Count III), Sexual Assault (Count IV), and

Negligence (Count V). (Exhibit 1). O'Brien claims extreme abuse and damages including that:

> Defendant in fact caused and continues to cause Plaintiff severe emotional distress, including but not limited to symptoms associated with post traumatic stress disorder, battered wife syndrome and general distress on a daily and nightly basis, severe anxiety attacks associated with being forced to abort her unborn fetus to avoid the dire consequences with which she was threatened, an inability to carry on normal interpersonal and business relationships with others, and a general inability to live an emotionally healthy normal life. (Exhibit 1, ¶ 154);
>
> As a result of Defendant's unlawful conduct, Plaintiff was held against her will for hours on end, was rendered incapable of defending herself against Defendant's other batteries which are laid out more fully *supra*, suffered mental anguish as a result of Defendant's actions and sustained physical pain and suffering associated with the restraints being administered too tightly. (Exhibit 1, ¶ 160);.
>
> At various points prior to, during and following their marriage as more fully laid out, *supra*, Defendant intentionally made contact with Plaintiff in a manner which caused her bodily harm including but not limited to bruising, bleeding, swelling, and a rupture to her right breast implant." (Exhibit 1, ¶ 165);
>
> As a direct and proximate result of Defendant's conduct on the fourth night of their honeymoon, Plaintiff suffered severe emotional distress including but not limited to symptoms associated with post traumatic stress disorder, battered wife syndrome and general distress suffered on a daily and nightly basis, severe anxiety attacks and nightmares and panic attacks associated with being subjected to similar tortures in her sexual relationships going forward. (Exhibit 1, ¶ 171); and
>
> As a proximate result of Defendant's negligent behavior towards Plaintiff's breast implants, he caused a rupture to her right breast implant… (Exhibit 1, ¶ 177).

10. O'Brien is alleging extreme damages, including post-traumatic stress disorder, severe anxiety because of an alleged forced abortion, and physical harm. O'Brien is also claiming that she has had severe anxiety attacks, panic attacks and general distress every day and night. These allegations, compounded with the fact that

O'Brien requests punitive damages, attorney fees and costs demonstrate that O'Brien clearly is seeking damages above $75,000.

11. Further, O'Brien's Previous State Court Action, which included similar claims, clearly requested over $50,000 in compensatory damages. Although the Complaint in that matter also did not outline what monetary damages O'Brien was seeking, according to Illinois Supreme Court Rule 222(a), any civil case that seeks money damages not in excess of $50,000 is subject to limited discovery. (Exhibit 4). The Previous State Court Action was not subject to this limited discovery; therefore, it follows that the monetary damages sought were well in excess of $50,000.

12. In addition to these compensatory damages, Plaintiff also seeks punitive damages. Assuming that Plaintiff has sought over $50,000 in compensatory damages, an award of punitive damages in an amount equal to or even substantially less than her compensatory damages would bring the amount in controversy in this case above the jurisdictional threshold sum for diversity purposes. *See Anthony v. Security Pac. Fin. Servs., Inc*., 75 F.3d 311, 317-18 (7th Cir.1996) (an award of punitive damages in a ratio of two to three times a plaintiff's actual damages may properly be reckoned into the jurisdictional amount for purposes of federal diversity jurisdiction).

13. In addition, O'Brien's settlement demand from the Previous State Court Action demonstrates that the amount in controversy is substantially above the $75,000. On November 9, 2011, the parties engaged in a pretrial settlement conference with the Honorable Judge Bill Taylor at the Circuit Court of Cook County, Illinois relating to the Previous State Court Action. (see Affidavit of Richard J. Juarez, hereto attached as Ex. 5). During that time, O'Brien's settlement demand was $10 million dollars. (Ex. 5). At

the time the Previous State Court Action was dismissed on December 5, 2011, O'Brien's settlement demand remained at $10 million dollars, which is over one hundred and thirty three (133) times more than the required jurisdictional amount of $75,000. Cleary, as demonstrated by O'Brien's damage claims, request for punitive damages, and previous settlement demand, O'Brien seeks a money judgment in excess of the $75,000 amount in controversy requirement.

**III. 28 U.S.C. § 1446 REQUIREMENTS**

14. Removal is Timely. Notice of Removal has been timely filed with this Court pursuant to 28 U.S.C. § 1446(b), because Anderson filed the Notice of Removal on February 21, 2012, within 30 days from the date on which Anderson first received notice of the Complaint on January 25, 2012.

15. Removal to Proper Court. This Court is part of the "district and division embracing the place where" this action was filed – Chicago, Illinois. 28 U.S.C. § 1446(a).

16. Pleadings and Process. Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Anderson is attached to this Notice of Removal as Exhibit 1. Anderson has not filed a responsive pleading in the State Court Action.

17. Notice to the State Court. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois and is being served on counsel of record, consistent with 28 U.S.C. §§ 1446(a) and (d). The Circuit Court of Cook County, Illinois is located within the District.

18. Anderson respectfully reserves all affirmative defenses, including without limitation all defenses specified in Federal Rule of Civil Procedure 12(b).

## IV. PREVIOUS STATE COURT ACTION DOES NOT IMPACT REMOVAL

19. As explained above, the Complaint at Law is a refiling of a previous action that was voluntarily dismissed by O'Brien in the Circuit Court of Cook County, Illinois on December 5, 2011. Although the Complaint at Law is similar to the Previous State Court Action, it should not impact Anderson's ability to remove this action to the United States District Court, Northern District of Illinois, Eastern Division. Any tactical advantage gained by a defendant could not be said to be undeserved when the plaintiff voluntarily dismissed and then refiled the action. *Butar v. Hamilton Sun Strand Corp.*, 2009 WL 2972373, Sept. 9, 2009 (N.D. 2009) (denying plaintiff's motion to remand holding that a refiled action after a voluntary dismissal is a new and completely distinct action and defendant did not waive his right to remove the subsequent action).

WHEREFORE, Defendant, Kevin Anderson, removes this action to this Court for further proceedings according to the law.

Dated: February 21, 2012

Respectfully submitted,

KEVIN ANDERSON

By: /s/ Charles H. Cole
Counsel for Kevin Anderson

Charles H. Cole (ARDC# 0482285)
Richard J. Juarez (ARDC # 6211253)
Margaret M. Fitzsimmons (ARDC # 62928
SCHUYLER ROCHE & CRISHAM, P.C.

One Prudential Plaza
130 East Randolph Street, Suite 3800
Chicago, Illinois 60601
Telephone: (312) 565-2400