**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLEY E. O'BRIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12-cv-1201 |
| vs. | ) |
| | ) |
| KEVIN ANDERSON, | ) |
| | ) |
| Defendant | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS
COUNT IV AND TO STRIKE ALL EXHIBITS AND CERTAIN PLEADINGS**

NOW COMES Defendant, KEVIN ANDERSON ("Defendant"), an individual, by and through his attorneys, Charles H. Cole, Richard J. Juarez, and Margaret M. Fitzsimmons of Schuyler, Roche & Crisham, P.C., pursuant to Rule 12(b)(6), 12(f)(2), 8 and 10(c), and in reply to plaintiff's response to Defendant's motion to dismiss Count IV of Plaintiff's Complaint at Law and to strike all of Plaintiff's exhibits and certain pleadings from Plaintiff's Complaint at Law, Defendant states as follows:

**A.    COUNT IV OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.**

Plaintiff claims that her Count IV should not be dismissed because it purportedly states a California claim for sexual assault which arises from the same transaction and occurrence pled in the original complaint. (Response, p. 5). Plaintiff also argues that the Illinois trial court's order poses no bar to Count IV (sexual assault). (Response, p. 5). Despite Plaintiff's contentions, Count IV should be dismissed. It alleges sexual assault based on a California criminal statute which was not pled in the original action. It necessarily includes new facts relating to scienter

1

and motive that were not part of the original complaint. Further, the previous State Court Action's final order clearly limited the scope of the refiled action.

1. **The Trial Court's Order Clearly Bars Count IV (Sexual Assault).**

The language of the Trial Court's Order on December 5, 2012 clearly limits the refiled action to the four voluntarily dismissed counts, which were intentional infliction of emotional distress (Count I of the State Court Action), negligence (Count II of the State Court Action), false imprisonment (Count III of the State Court Action), and assault and battery (Count IV of the state Court action). The Order states:

> Plaintiff is and shall hereby be expressly granted leave to refile her action, including **without limitation Counts I, II, II, and IV**, which action so if refiled within one year of the date of this dismissal Order, shall relate back to the date of the original filing. (Response, Dkt #34, Ex. 2).

The language included in this part of the order is clearly based on *Hudson v. City of Chicago*, 228 Ill.2d 462 (Ill. 2008), which requires the court in the first action to expressly reserve the plaintiff's right to maintain the second action in order to prevent the entire refiled action to be barred by *res judicata*. That said, the order expressly reserves the Plaintiff's right to refile and expressly limits the scope of that refiling to the four counts that were at issue in the State Court Action. There is nothing in the Order that allows Plaintiff to amend anything, but instead allows her to **refile** her claim which contained causes of action for intentional infliction of emotional distress, negligence, false imprisonment, and assault and battery, but clearly not sexual assault under a California Penal Code.

2. **New Facts Are Introduced By the California Sexual Assault Claim.**

Plaintiff bases her new Count IV (Sexual Assault) on a California statute identified as Cal. Civ. Code § 1708.5, which states:

> a) A person commits a sexual battery who does any of the following:

2

    (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.

    (2) Acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results.

    (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

    (b) A person who commits a sexual battery upon another is liable to that person for damages, including, but not limited to, general damages, special damages, and punitive damages.

    (c) The court in an action pursuant to this section may award equitable relief, including, but not limited to, an injunction, costs, and any other relief the court deems proper.

    (d) For the purposes of this section "intimate part" means the sexual organ, anus, groin, or buttocks of any person, or the breast of a female.

    (e) The rights and remedies provided in this section are in addition to any other rights and remedies provided by law.

    (f) For purposes of this section "offensive contact" means contact that offends a reasonable sense of personal dignity.

A claim based on the Cal. Civ. Code § 1708.5 requires intent to cause an imminent apprehension of or to cause harmful of offensive contact to an intimate part of another, including a sexual organ, anus, groin, breast or buttocks. Additional facts not pled or raised in the earlier action are now involved, specifically facts relating to intent and scienter relating to the now claimed sexual assault. This is more than an additional legal theory. It changes the facts that Defendant would have explored in discovery in the underlying matter if this claim had been raised in the previous State Court Action, which lasted almost six years. There is no question or quarrel raised by the Plaintiff that the action would be barred under the applicable Statute of Limitations if the attempted "relation back" argument failed.

For all of the reasons outline above as well as those arguments set forth in the Defendant's motion to dismiss, Defendant requests that this Court dismiss Count IV (Sexual Assault) from Plaintiff's Complaint at Law.

### B. PLAINTIFF'S EXHIBITS SHOULD BE STRICKEN.

Plaintiff argues in her response to the motion to dismiss that there is no basis to strike the exhibits to Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 10(c) or Federal Rule of Civil Procedure 12(f). Plaintiff is incorrect. As stated in Defendant's Motion to Dismiss and discussed more fully below, there are valid bases to strike all of the Plaintiff's exhibits pursuant to both Rule 10(c) and Rule 12(f).

**1. Plaintiff's exhibits should be stricken because they are not written instruments and therefore do not comply with Federal Rule of Civil Procedure 10(c).**

All of Plaintiff's exhibits should be stricken because the documents attached to Plaintiff's complaint are not "written instruments" which identify a legal right, and therefore they are in violation of Rule 10(c). Plaintiff argues in her response that Rule 10 contains no language that restricts a plaintiff from attaching exhibits to a pleading and that Defendant has not offered a rule or precedent that limits the complaint exhibits to textural documents. (Response, p. 6, Section B, part 1). Defendant did not argue in his motion to dismiss that the exhibits must be limited to textural documents; Defendant argued and argues that exhibits should be limited to "written instruments" upon which the claim was founded. Federal Rule 10(c) limits the type of documents that can be attached as exhibits. Fed. Rule Civ. Pro. 10(c). Specifically, Rule 10(c) states, "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a **written instrument** that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. Rule Civ. Pro 10(c) (emphasis added). Pursuant to the rule, courts only consider attached documents to a complaint if they are "written

instruments." *Montgomery Ward & Co. Inc. v. Warehouse, Mail Order, Office, Technical and Prof. Employees Union.*, 911 F. Supp. 1094, 1099 (N.D. Ill. 1995) (stating a court may consider an "underlying written instrument" if that instrument is attached to the complaint. The court does not hold that it may consider any document attached to the complaint.)

For a document to qualify as "written instrument" it must evidence a legal right. *Murphy v. Cadillac Rubber & Plastics, Inc.* 946 F.Supp. 1108 (W.D.N.Y.,1996) ("A "written instrument" is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement. See Black's Law Dictionary 801, 1612 (6th ed. 1990); Webster's Third New International Dictionary, 1172 (1986).") Courts have held that newspaper articles, commentaries, editorial cartoons, affidavits, an attorney's affirmation, letters of recommendation filed by plaintiff, and unsigned letters of agreement are not "written instruments." *Id*.; *Perkins v. Silverstein*, 939 F.2d 463, 467, fn.2 (7th Cir. 1991).

Plaintiff cites two cases, *Wallace Computer Services, Inc. v. Adams Business Forms, Inc.*, 837 F. Supp. 1413 (N.D. Ill. 1993) (copyright infringement) and *Native American Arts v. Doll Market Inc*., No. 06-C-0195, 1007 WL 257640 at * 1( N.D. Ill. Jan. 2007) (misrepresentation that products were Native American made) to support her argument that the exhibits to the complaint should not be stricken just because they are not textual documents. (Response, p. 6, Section B, part 1). Notwithstanding the fact that both of the cases Plaintiff cites do not discuss the validity of the exhibits, Defendant is not arguing that the exhibits should be stricken because they are not textual exhibits. Defendant moves to strike the exhibits because they are not written instruments, and instead are redundant, immaterial, impertinent, and scandalous documents that are inappropriate to attach to the complaint because they do not evidence any legal right.

5

Clearly the documents that Plaintiff attaches to her Complaint are not "written instruments" such as a contract, deed or copyright; the documents attached to the complaint include: (1) reports from court cases not involving the Plaintiff; (2) print-outs from websites with no identification where the document came from and an unsigned "sex-slave" contract; (3) sexually explicit emails; (4) black and white photographs of sex toys, (5) a quit-claim deed for Defendant's house; (6) print-outs from dating websites; (7) two photographs of Plaintiff; (8) a purported print out of Defendant's internet search history and print outs from pornographic websites and photographs and videos; and (7) various police reports made because of calls made by Plaintiff.  Not one of the documents attached as exhibits to Plaintiff's complaint are "written instruments," which is the only document Rule 10(c) allows to be part of a complaint. Therefore, these exhibits should be stricken from the Complaint.

**2. Plaintiff's exhibits should be stricken pursuant to Federal Rule of Civil Procedure 12(f).**

Courts have stricken exhibits that are extraneous and evidentiary. *Johns-Manville Sales Corp. v. Chicago Title & Trust Co.,* 261 F.Supp. 905, 908 (D.C.Ill. 1966) (striking an "amended complaint which was not simple, concise, direct, short, and plain statement of claim but instead devoted 69 paragraphs and 39 pages to pleading single count and included exhibits that were designated by consecutive letters up to and including the letter "X" and that contained for the most part extraneous or at best evidentiary material."). If a complaint fails to meet the requirements of Rule 8, the Court has the power to strike those parts that are "redundant, immaterial, impertinent or scandalous," Fed.R.Civ.P. 12(f); *Harman v. Gist*, 2003 WL 2205359 at * 3, Sept. 2, 2003 (N.D.Ill., 2003) (striking a complaint and exhibits because it was too unduly complex to respond to).  Where a motion to strike "removes unnecessary clutter from the case, [it] serve[s] to expedite, not delay." *Id*. (quoting *Heller Fin., Inc. v. Midwhey Powder Co*., 883

6

F.2d 1286, 1294 (7th Cir.1989)). When a pleading is redundant or the statements are immaterial, the court has the power to strike the offending parts and those parts prejudicial to the defendant. *Id.* Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *Id.*

As outlined in Defendant's original motion, Plaintiff attaches more than twenty-six (26) exhibits to her complaint which are immaterial, scandalous, evidentiary, and prejudice the Defendant. Without reiterating the specific arguments outlined in Defendant's original motion, it is obvious that these exhibits are prejudicial to the Defendant because they confuse the issues and place an undue burden on Defendant.

Exhibit A, a Report and Recommendation for Guardian *Ad Litem*, clearly confuses issues as illustrated by Plaintiff's Response in support of maintaining the exhibit. Plaintiff claims that this "supports" her claim for intentional infliction of emotional distress because Defendant "told his son 'not to tell anyone about Ms. O'Brien being present or he [his father] would go to jail.'" (Response, p. 8, Section B, part 2). Plaintiff arguing that the quote in the exhibit, which was a document from Defendant's divorce from his first wife, is the reason the Report should be included as an exhibit does not follow logic. Plaintiff has made allegations relating to her relationship to Defendant. Defendant's relationship to his first wife and his son has no bearing on that.

Exhibits B, C, and D, the explicit website printouts and the unsigned "slave contract," also confuse the issues. Plaintiff has alleged that Defendant has reviewed these materials and that the materials document his abnormal sexual behavior, but there is nothing on those documents that identify that Defendant reviewed them or printed them out. Further, the purported "slave contract" is not a signed document. Plaintiff is attempting to put forth evidence in the form of

7

exhibits to the complaint to which the Defendant would clearly object. Not only should such matters not be attached to a complaint but it should not be admissible at trial.

Exhibits E and F are sexually emails and sexual devices. Again, these exhibits are not written instruments that form a legal right, and they clearly confuse the issues. Plaintiff attached these exhibits to support her claim that Defendant was hoarding sex toys and had a sinister scheme to introduce them after the parties were married. Plaintiff also argues that they relate to Plaintiff's claim of intentional infliction of emotional distress, assault and battery, and sexual assault. Despite Plaintiff's contention, these pictures of "toys" do not document anything and should not be included as exhibits to the complaint. There is no legal right or duty that arises from them, it confuses the issues in the complaint and they are clearly evidentiary in nature.

Exhibit G, the quit claim deed for Defendant's home, should not be included as an exhibit. Plaintiff argues it should be included as a factual basis to support Plaintiff's claim for intentional infliction of emotional distress and "Defendant's pattern and practice of lying to Plaintiff to win her back." The quit claim deed is not an instrument that gives rise to Plaintiff's claims, and there is nothing in that document that supports Plaintiff's claims that Defendant lied or intentionally inflicted any emotional distress. Plaintiff is attempting to include what she believes is evidence to support her complaint, which is not appropriate.

Exhibits H, I, J, and L are emails and documents from dating websites. Plaintiff argues that these exhibits are relevant to the parties' relationship and that "Defendant cannot commit the conduct alleged in the Complaint while maintaining the allegations and exhibits describing the conduct are scandalous." First the allegations contained in the complaint that allege any wrongdoing on Defendant's part are false. Further, these emails and documents confuse the

issues and are an attempt to include unnecessary and irrelevant evidentiary support to the complaint.

Exhibit K, two photographs that Plaintiff alleges document a sexual assault, should be stricken. Plaintiff argues "[t]hat Defendant is apparently shocked and embarrassed by his conduct is no basis under Rule 12(f) to strike the photographs." (Response, p. 9). Defendant denies that he assaulted Plaintiff in any way, and these photographs are not written instruments, but are an attempt to confuse the issues by including these as "evidence" that Defendant sexually assaulted Plaintiff. These exhibits are scandalous and are improperly included as documentary support of a sexual assault that did not occur.

Exhibit M, an email, is another document that confuses issues. Plaintiff maintains it is proper because it "documents the abusive nature of the parties' relationship." (Response, p. 9). This email exhibit should not be included an exhibit because it clearly immaterial. Plaintiff again is trying to include "evidence" as an exhibit to her complaint.

Exhibits N, O, and Q, copies of web browsing history and pornographic websites, should be stricken. Plaintiff claims that these support "Defendant's abnormal sexual behavior that he eventually inflicted on Plaintiff." (Response, p. 10). These documents are scandalous, and confuse the issues of the case. Plaintiff included them as an attempt to include "evidence" in the complaint. In addition, Plaintiff used the computer located in the Defendant's home, and there is no indication who actually was using the computer at the time periods noted in the web-browsing print out. Plaintiff attaching a document she claims is Defendant's web-browsing history to the complaint is clearly extraneous and an attempt to embarrass the Defendant.

Exhibits P through Y, various police reports stemming from Plaintiff, should be stricken as exhibits. Plaintiff claims that Defendant has cited no rule or precedent that restricts Plaintiff

from attaching police reports. This again is not true. These reports clearly do not comply with Rule 10(c), Rule 8, and should be stricken pursuant to Rule 12(f). These documents are not written instruments that form the basis of the complaint, there is no evidence that Defendant was convicted of any crime based on these reports, and the attachments of these documents are clearly scandalous, self-serving (all of the reports are based on Plaintiff's claims), and an attempt to include what would be inadmissible evidence into the complaint. Including these in the complaint would be extraordinarily prejudicial to Defendant.

For all of the reasons outline above, Defendant requests that this Court strike each and every exhibit to Plaintiff's Complaint at Law. Not one of the exhibits are "written instruments," serve any legitimate purpose, and instead are purely Plaintiff's inappropriate attempt at submitting "evidence" in support of her complaint in order to harass, embarrass and prejudice the Defendant.

### C. PLAINTIFF'S NATURE OF ACTION PLEADINGS SHOULD BE STRICKEN.

Plaintiff argues that Defendant has ignored the standard for a motion to strike the pleadings. This is clearly not true. Defendant argues that the majority of the "Nature of Action" section of the complaint should be dismissed because it violates Rule 8's requirement that a complaint be a short plain statement of the claim. Further, Defendant argues that the complaint is rife with redundant, immaterial, impertinent and scandalous material, which is a basis for the Court to strike the pleadings pursuant to Rule 12(f). Courts strike pleadings from complaints that are "novel-like" extraneous, unnecessary, and confuse the issues. *Mutuelle Generale Francaise Vie v. Life Assur. Co. of Pennsylvania*, 688 F.Supp. 386 (N.D.Ill.,1988). (striking the complaint because it "reads at times more like a novel (not a particularly well-written or well-organized one) than a brief as it advances evidence, theories and speculation about the events in issue. [The

10

Plaintiff] states the vast majority of its substantive allegations up front in 162 paragraphs occupying more than 42 pages. [The Plaintiff] then proceeds to allege its seven causes of action in reasonably succinct fashion—but reasonably succinct only because each count refers back to all the previous allegations."); *see also*, *Johns-Manville Sales Corp. v. Chicago Title & Trust Co.*, 261 F.Supp. 905, 908 (D.C.Ill. 1966) (striking an "amended complaint which was not simple, concise, direct, short, and plain statement of claim but instead devoted 69 paragraphs and 39 pages to pleading single count and included exhibits that were designated by consecutive letters up to and including the letter "X" and that contained for the most part extraneous or at best evidentiary material." ).

      Defendant denies each and every allegation of wrong-doing alleged by the Plaintiff. Defendant has outlined in detail why the sections in Plaintiff's Nature of the Action section should be stricken. Plaintiff created a twenty-two (22) page long Nature of the Action, which is "novel-like" and creates irrelevant diversions into allegations regarding home purchases, private investigators, interest in internet pornography, and time periods completely outside the allegations contained in the five counts of the complaint. All of this is in clear violation of Rule 8 and which creates grounds to strike pursuant to Rule 12(f). Further, Plaintiff realleges each of these twenty-two (22) pages of allegation in each of the five counts of the complaint. This is prejudicial to plaintiff and monumentally confuses the issues in the case. If the Nature of the Action remains in its current state, each count of the complaint will be at least twenty (23) pages long. In addition, counts relating to claims such as the negligent rupture of Plaintiff's breast implant and Plaintiff's allegation of sexual assault that occurred on one day will include Plaintiff's claims regarding home purchases, pornography addictions, coin collections, and other

alleged (and denied) assaults. Plaintiff's complaint should be stricken, and Plaintiff should be directed to file it in compliance with Rule 8, 10(c), and 12(f).

For all of the reasons outline above, Defendant requests that this Court strike the Nature of the Action section in Plaintiff's Complaint at Law. The allegations contained in the Nature of the Action are immaterial, scandalous, and are the antithesis of a short plain statement of the facts. It would be clearly prejudicial to force Defendant to answer the Complaint as it currently stands

**D. CONCLUSION**

WHEREFORE, for the reasons set forth hereinabove, defendant Kevin Anderson request that this Honorable Court enter an order dismissing Count IV of Plaintiff's Complaint at Law pursuant to Federal Rule of Civil Procedure 12(b)(6), an order striking all attachments to Plaintiff's Complaint at Law, and an order striking certain pleadings in Plaintiff's Complaint at law, or to strike Plaintiff's Complaint in its entirety with directions to replead in accordance with the requested relief in this motion and granting such other relief as this Court deems just and equitable.

Dated: May 10, 2012

/s/ Charles H. Cole

By:
 Counsel for Kevin Anderson

Charles H. Cole (ARDC# 0482285)
Richard J. Juarez (ARDC # 6211253)
Margaret M. Fitzsimmons (ARDC # 62928
SCHUYLER ROCHE & CRISHAM, P.C.
One Prudential Plaza
130 East Randolph Street, Suite 3800

Chicago, Illinois 60601
Telephone: (312) 565-2400

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day May, 2012, a copy of the foregoing was sent via Pacer and Electronic Case Filing (CM/ECF) to all counsel of record.

By: /s/ Charles H. Cole

Charles H. Cole (ARDC# 0482285)
Richard J. Juarez (ARDC # 6211253)
Margaret M. Fitzsimmons (ARDC # 6292813)
SCHUYLER, ROCHE, & CRISHAM, PC
130 E. Randolph Street, Suite 3800
Chicago, IL 60601
(312) 565-2400
Email: ccole@srcattorneys.com
rjuarez@srcattorneys.com
mfitz@srcattorneys.com
**Attorneys for Defendant Kevin Anderson**