```
 1                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3

 4    KIMBERLY E. O'BRIEN,           )
                                     )
 5              Plaintiff,           )
                                     )
 6       vs.                         )  No. 12 CV 01201
                                     )
 7    KEVIN ANDERSON,                )  Chicago, Illinois
                                     )  November 15, 2012
 8              Defendant.           )  8:30 o'clock a.m.

 9

10          TRANSCRIPT OF PROCEEDINGS - STATUS HEARING
          BEFORE THE HONORABLE JUDGE EDMOND E. CHANG
11

12

13    APPEARANCES:

14    For the Plaintiff:       MILLER, CANFIELD, PADDOCK &
                               STONE, PLC
15                             MR. ROBERT C. LEVELS
                               225 West Washington Street
16                             Chicago, Illinois 60606
                               312-460-4227
17                             Levels@millercanfield.com

18
      For the Defendant:       SCHUYLER, ROCHE & CHRISHAM, PC
19                             MR. CHARLES H. COLE
                               130 East Randolph Street
20                             Chicago, Illinois, 60601
                               312-565-2400
21                             ccole@srcattorneys.com

22
      Court Reporter:          FEDERAL OFFICIAL COURT REPORTER
23                             MS. KRISTA BURGESON
                               219 South Dearborn Street
24                             Chicago, Illinois 60604
                               312-435-5567
25                             krista_burgeson@ilnd.uscourts.gov
```

```
1              THE CLERK:  12 C 1201, O'Brien versus Anderson.
2              MR. LEVELS:  Good morning, your Honor.  Robert Levels
3    for the plaintiff.
4              MR. COLE:  Charles Cole for the defendant.
5              THE COURT:  Okay.
6              I know we are trying to set a trial date.  You have
7    had some communications with the courtroom deputy as to
8    potential dates.
9              The date you had initially offered in April, I have a
10   trial set already, and it doesn't -- that trial appears to be
11   on course to go forward, it is a patent infringement case.
12             I counter proposed with a March date, but I
13   understand there is a trial conflict with the March date.
14             MR. COLE:  The April dates worked for me and not for
15   Mr. Levels.  The March dates do not work for me but worked for
16   plaintiff.  So the March dates are no good either.
17             THE COURT:  What is the conflict in March?
18             MR. COLE:  My conflict in March?
19             THE COURT:  Yes.
20             MR. COLE:  My conflict in March involves a trial in
21   Cook County.  It involves attendance at a client meeting, an
22   annual meeting that is very important.  It involves my
23   daughter's spring break and personal family vacation with her.
24   Other than that, I am wide open.
25             THE COURT:  What is the name of the Cook County
```

```
 1   trial?
 2           MR. COLE:  The Cook County trial is Lee, L-e-e,
 3   versus Palmore, P-a-l-m-o-r-e.
 4           THE COURT:  And where are you, law division or
 5   chancery?
 6           MR. COLE:  Law division.  It is a medical malpractice
 7   case.
 8           THE COURT:  When is that trial set for?
 9           MR. COLE:  It is set to commence on February 27th and
10   run through the week of March 4th, hopefully being done by the
11   8th.
12           THE COURT:  When is your vacation scheduled for?
13           MR. COLE:  The week of the 11th is out.  The end of
14   the week of -- the 21st and 22nd, that following week is out.
15   And then the week of the 25th is also out.
16           I am back April 1, and I have a trial then, but I
17   could move that and start this case April 1.  My April, again,
18   is very flexible and fairly wide open.
19           MR. LEVELS:  Plaintiff is on trial multiple weeks
20   before Judge Norgle in April in a case called Alexandria.  We
21   do expect that trial to go.
22           THE COURT:  Okay.
23           So the last communication you had was a June date.
24   What was that date?
25           THE CLERK:  Judge, I believe it was June 10th.
```

1    MR. LEVELS:  I believe it was June 10th.
2    MR. COLE:  June is wide open for me.  Any date in
3 June is acceptable.
4    MR. LEVELS:  Any date in May or June is acceptable
5 for the plaintiff.
6    THE COURT:  Trial will commence on June 10th.  We
7 will block out two weeks.
8    MR. COLE:  I think the two weeks is enough, I am just
9 concerned it may not be.  Maybe I could ask plaintiff's
10 counsel how long he thinks his case in chief will be?
11    THE COURT:  Sure.
12    MR. LEVELS:  I think reserving two weeks is
13 appropriate, your Honor.
14    THE COURT:  How long do you think your case in chief
15 will be?
16    MR. LEVELS:  Probably one of those weeks.
17    THE COURT:  And your defense?
18    MR. COLE:  If he is only going to be a week, I think
19 we will finish in two weeks.  I just think if plaintiff will
20 bleed into a 6th or 7th trial day, leaving me a day or two of
21 evidence, that would be a concern.
22    THE COURT:  So we will have a very early pre-trial
23 conference hearing in this case, given the amount of time that
24 will lapse between today and mid June.
25    I think I already have a pretty firm handle on the

1  facts of the case and the dispute based on our settlement
2  conference and my preparation for that, but by the pre-trial
3  conference date I will obviously have a much firmer grasp, and
4  if I think that this case really needs to be tried within and
5  can be tried within that two-week period, we will certainly
6  discuss that, as well as potential time limits for both sides
7  at that pre-trial conference.
8  April 10th for the pre-trial conference. That will
9  start at 10:30. The proposed pre-trial order will be due
10 March 20th. If that conflicts with your out-of-town schedule
11 you have four months.
12 MR. COLE: The April 10th, your Honor, I am scheduled
13 to be on trial that week in Will County. The following week
14 is wide open, as is the week of the 22nd.
15 THE COURT: What is your April schedule like?
16 MR. LEVELS: April 15th through the end of the month
17 we are on trial.
18 THE COURT: Is that the Judge Norgle case?
19 MR. LEVELS: Yes.
20 THE COURT: April 4th.
21 MR. COLE: Again, my trial in Will County is
22 scheduled to run the week -- to start April 1st and run for
23 two weeks. The week of the 1st and the week of the 8th,
24 doesn't look very good for me.
25 If it helps, your Honor, I am open March 18th or

1  19th, but I don't know if that is convenient for plaintiff's
2  counsel or the Court.
3           THE COURT:  How about either one of those dates?
4           MR. LEVELS:  Those are fine.
5           THE COURT:  March 19th.
6           So the proposed pre-trial order will be due then on
7  March 1st.
8           Take a look at the web site and it will have the
9  format and the contents that are required.  It includes jury
10 instructions and many other items, including motions in
11 limine, so you should get started on that as soon as you
12 can.
13          Let's set a status for mid February, we will see what
14 your trial calendars look like at that point, and if we can
15 accelerate the date we will.
16          THE CLERK:  We will see you back here on February
17 13th at 8:30.
18          MR. COLE:  If I may, that week I am out.  The week
19 before or the week after is good.
20          THE CLERK:  We can do February 6th at 8:30.
21          THE COURT:  That March 19th pre-trial conference we
22 will start at 10:30.
23          Thank you.
24          MR. COLE:  Your Honor, if I may bring a couple things
25 to the Court's attention.

1         THE COURT: Okay.

2         MR. COLE: I would ask leave to file within 14 days a
3 couple of matters.

4         One, we finished the deposition of Mr. Napalitano.
5 You will recall some discussion about that. We would like
6 leave to bring a motion for fees and costs involving some of
7 those matters that were raised that were outside the scope of
8 your order.

9         We would also like to have leave to bring a motion
10 for summary judgment on one small issue involving allegations
11 as to a breast implant injury now that discovery is closed.

12         And then the final matter, your Honor, the deposition
13 of Dr. Romreimer had been scheduled for yesterday, we received
14 an email from Mr. Levels, I think, just on Monday, it might
15 have been Tuesday, I forget the exact date, canceling that
16 deposition, but Dr. Romreimer had put aside time, and normally
17 the fees of an expert would be borne by opposing counsel. So
18 we would ask leave, again, to file a motion for those fees.
19 We can do all of that within 14 days, and the reason I ask for
20 the 14 days is because next week is the Thanksgiving holiday,
21 otherwise we would have it done probably before that.

22         MR. LEVELS: Again, these are all matters that we
23 have -- that Mr. Cole is just raising with me now,
24 particularly in issue with regard to fees for Romreimer, which
25 I was not informed of at the time of cancellation.

1 But Mr. Cole can file whatever motion he wants except
2 with regard to the summary judgment issue, I mean, we have
3 gone through quasi summary judgment briefing in this case
4 already, this is not a summary judgment case. If there is an
5 issue that he has that is more appropriate for say a motion in
6 limine, since this motion for summary judgment won't bar any
7 of the claims on the complaint, and I don't think Mr. Cole
8 would contend that they bar any of those claims in the
9 complaint, perhaps this is something best raised at the motion
10 in limine stage and not go through summary judgment briefing
11 yet again.
12 MR. COLE: It is a very limited claim for damages.
13 You may recall from the complaint, the plaintiff alleges an
14 injury or a rupture to one of her breast implants, and that is
15 the sole issue we wanted to raise this matter on.
16 THE COURT: Have you conferred with opposing counsel
17 for either of the two topics you mentioned?
18 MR. COLE: We have not. I am bringing it to the
19 Court's attention now. We can certainly meet and confer
20 before we file any motions.
21 THE COURT: Right, you will do that before you file
22 any motions.
23 So you can file the motion within 14 days. If you
24 lose the motion, I am likely to impose fees for bringing the
25 motion.

| | |
|---|---|
| 1 | So that will be 14 days from today. |
| 2 | THE CLERK: That will be November 29th. |
| 3 | THE COURT: 14 days to respond. |
| 4 | THE CLERK: Response will be due on December 13th. |
| 5 | THE COURT: 7 to reply. |
| 6 | THE CLERK: December 20th. |
| 7 | THE COURT: Keep track of your hours for your |
| 8 | response. |
| 9 | MR. LEVELS: Okay. |
| 10 | THE COURT: Then with regard to -- yes, you do not |
| 11 | have leave to file a summary judgment motion, even a partial |
| 12 | one. You can try to file it as a motion in limine, but both |
| 13 | sides had agreed that there would be no summary judgment |
| 14 | motion practice, then you filed a motion with regard to |
| 15 | damages which was really a partial summary judgment motion |
| 16 | which I denied, and so you can leave it for a motion in |
| 17 | limine. |
| 18 | Next case? |
| 19 | (Proceedings concluded.) |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

1 **C E R T I F I C A T E**
2
3
4     I certify that the foregoing is a correct transcript
5 from the record of proceedings in the above-entitled matter.
6
7 /s/Krista Burgeson, CSR, RMR, CRR    November 25, 2012
   Federal Official Court Reporter      Date
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25